**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:  Case No. 2:25-bk-01031-FMD
        Chapter 13

Humberto D. Taveras Jr.
Shaneise Morales

     Debtors.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtors' Petition for Relief to Chapter 13 was filed on May 31, 2025.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have dedicated all disposable income to the Plan:

    income tax return for 2025

    b. The Debtors are paying for the following luxury items: son stipend

    c. Based on the Debtors' Forms 122C-1 and 122C-2, and Schedule I and J, respectively, the unsecured creditors are not receiving sufficient funds.

    d. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtors shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtors are not required to file tax returns, Debtors shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtors shall provide a complete copy of the tax return; including business returns if Debtors own a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtors shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2025</u>.  Debtors shall not instruct the Internal Revenue Service or

other taxing agency to apply a refund to the following year's tax liability.  **Debtors shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have met the best interests of creditors test:

    income tax return for 2025

5. An Amended 2016(b), and/or Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees, to include the monthly monitoring fee.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire
Staff Attorney for Chapter 13 Trustee
Florida Bar No. 14123
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:      (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Humberto D. Taveras Jr. & Shaneise Morales**, Debtors, 14033 Winding Cedar Way, Ft Myers, FL 33913, and **Jose A. Blanco, Esq.,** Attorney for Debtors, 102 E 49th Street, Hialeah, FL 33013 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 23rd day of July, 2025.

/s/ Kimberly R. McIntyre
Kimberly R. McIntyre, Esquire

JMW/KRM/kd